**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lloyd McINTOSH, Defendant-Appellant.**

**No. 34926.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 18, 1973.

Karl F. Lang, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction and sentence for possession of a barbiturate drug contrary to Section 195.240 RSMo 1969,[1] V.A.M.S.

A police officer testified he saw defendant, a passenger in a car stopped for a traffic violation, throw something from the car to the curb. Upon recovery the object turned out to be a prophylactic containing capsules. The capsules contained a combination of "two barbiturate drugs, this being secobarbital and amobarbital."

Defendant's sole contention is that the State's evidence was insufficient to support the conviction. This in turn is based upon his position that there was no evidence that the pills were "soluble secobarbital" (of which he was charged with possession) or that "soluble secobarbital" was included on the list of barbiturate drugs filed by the Division of Health as required by Section 195.230 and 195.240. As to the latter point, defendant is in no position to complain. The State identified the

---

1. Since the date of the offense Chapter 195 has been amended.

Division of Health list. Then the following colloquy occurred:

"THE COURT: In regard to State's Exhibit No. 4, [the list] the defendant in this case is charged with possession of a barbiturate, to wit: An amount of soluble secobarbital. Is that barbiturate drug listed in the proposed exhibit that you are offering or the exhibit that you are offering?

MR. WENDT: [Defendant's attorney] Your Honor, if the Court please, I think that the exhibit that is being tendered is the best evidence. I think the Court can take judicial notice that that is listed in the exhibit that Mr. Jacobs has."

This constituted a judicial admission that the charged drug was included on the list of proscribed drugs and obviated any further proof of that fact.

The test to be applied in this type of case is whether the average person reading the list would conclude that the drug possessed by defendant was a proscribed barbiturate. See State v. Crump, 454 S.W.2d 519 (Mo.1970). That the capsules were a combination of two drugs, one of which is listed, does not preclude conviction for possession of the one listed. It is not necessary that the list contain every conceivable combination of proscribed and non-proscribed drugs. Nor was it necessary that the chemist identify the drug as "soluble secobarbital" rather than "secobarbital" as she did. Defendant's reliance upon State v. Bridges, 398 S.W.2d 1 (Mo. banc 1966) is misplaced. There the drug possessed by defendant was amphetamine hydrochloride. The list proscribed amphetamine sulfate and metamphetamine hydrochloride but not amphetamine hydrochloride. The court concluded that the indicated names were not such that the average man would assume them to be chemically equivalent. We find here that the physical description of the drug as soluble would not lead the average man to conclude that the drug was chemically different than plain secobarbital.

It was not necessary that the proof establish that the drug was soluble if it established it was secobarbital, which it did. We find no error.

Judgment affirmed.

SIMEONE, KELLY and GUNN, JJ., concur.

